1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LARRY JACKSON,

                Petitioner,

       v.

UNKNOWN,

                Respondent,

Case No. 2:15-cv-06016-SJO-JC

ORDER DISMISSING PETITION FOR WRIT OF MANDATE AND ACTION WITHOUT PREJUDICE AND DENYING OTHER PENDING REQUESTS AS MOOT

## I.    SUMMARY

On August 25, 2015, Larry Jackson ("petitioner"), who is a civil detainee pursuant to California's Sexually Violent Predators Act ("SVPA"), Cal. Welf. & Inst. Code §§ 6600, *et seq.* and is proceeding *pro se*, filed a document entitled "Writ of Mandate/Prohibition to Comply With Ghilotti Pleading (WIC §§ 5276, 6601.5/Pen. C. 7250, F.R.A.P. 21)" which the Court liberally construes as a petition for a Writ of Mandate ("Petition") with exhibits ("Pet. Ex.").   Petitioner concurrently filed a Request to Proceed Without Prepayment of Filing Fees, a Request for Lodging of Documents and a Motion in Errata and Request to Amendment Cover Sheet (collectively "Requests").

1    Based on the record and the applicable law, and for the reasons discussed

2    below, the Petition and this action are dismissed without prejudice and the

3    Requests are denied as moot.

4    **II.   PERTINENT BACKGROUND**

5        **A.   Petition**

6        Although not a model of clarity, the Petition, very liberally construed,

7    appears to allege essentially the following:

8        On June 2, 1988 petitioner was convicted on two counts of violating

9    California Penal Code section 288(a) (lewd or lascivious act with a child under the

10   age of 14) ("Section 288(a)") and sentenced to state prison for 10 years.  (Pet. Ex.

11   2 at 19).  Petitioner re-offended after being released from prison, and on March 29,

12   1995, was again convicted of violating Section 288(a), and was sentenced to state

13   prison for three years.  (Pet. Ex. 2 at 19).  After being released, petitioner was

14   rearrested for violating his parole when his parole officer found petitioner "in the

15   company of two female minors . . . ages two and five, without supervision."  (Pet.

16   Ex. 2 at 19).  Although petitioner was scheduled to be released on January 29,

17   1997, petitioner was subsequently determined to be a sexually violent predator and

18   civilly committed for treatment pursuant to California's SVPA, and apparently has

19   been detained since then.  (Petition at 11-14; Pet. Ex. 2 at 19).

20       **B.   SVPA**

21       California's SVPA "provides for the involuntary civil commitment of certain

22   offenders, following the completion of their prison terms, who are found to be

23   [sexually violent predators ("SVP")]."  People v. Ghilotti, 27 Cal. 4th 888, 902

24   (2002) (citing Cal. Welf. & Inst. Code § 6600, et. seq.).  When the California

25   Department of Corrections and Rehabilitation ("CDCR") suspects an inmate of

26   being an SVP, the inmate is referred to the California Department of State

27   Hospitals ("DSH") for a "full evaluation" as to whether the inmate meets the

28   criteria of an SVP under California Welfare and Institutions Code § 6600 ("Section

6600") – that is, whether the person "has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code §§ 6600(a)(1), 6604. Such an evaluation must, among other things, be conducted by two separate psychiatrists or psychologists (*i.e.*, "evaluators") and follow "a standardized assessment protocol." Cal. Welf. & Inst. Code §§ 6601(c)-(d). If the evaluators determine that an inmate meets the Section 6600 criteria, the DSH director must request that a petition for commitment be filed in California Superior Court. Cal. Welf. & Inst. Code §§ 6601(d), 6602.

After a petition is filed, if a court determines that there is probable cause to believe that the inmate is likely to engage in sexually violent predatory criminal behavior upon release, the alleged SVP is detained in a secure facility pending a jury trial on the SVPA petition. See Cal. Welf. & Inst. Code §§ 6601, 6601.5, 6602. If, after trial, the individual is determined to be a sexually violent predator, he or she is committed to the custody of DSH for an indeterminate term of confinement for appropriate treatment. See Cal. Welf. & Inst. Code § 6604. In order for an SVP to be recommitted for an extended term, a new evaluation must be conducted by two separate doctors pursuant to essentially the same procedure as an initial commitment, and the state must prove that the individual is *currently* a sexually violent predator. Ghilotti, 27 Cal. 4th at 905 (citing Cal. Welf. & Inst. Code §§ 6601(c)-(i), 6603, 6604.1); Burris v. Hunter, 290 F. Supp. 2d 1097, 1101 (C.D. Cal. 2003) (citing Cal. Welf. & Inst. Code §§ 6604, 6605).

An evaluator's recommendation for or against commitment or recommitment is subject to judicial review upon a party's request, and may be deemed "invalid" if a state court determines that the recommendation contains "material legal error" – such as misinterpretation of the SVPA standard. Ghilotti, 27 Cal. 4th at 895.

1    **C.    Federal Writ of Mandamus**

2         The federal mandamus statute provides:  "The district courts shall have

3    original jurisdiction of any action in the nature of mandamus to compel an officer

4    or employee *of the United States or any agency thereof* to perform a duty owed to

5    the plaintiff."  28 U.S.C. § 1361 (emphasis added).  Federal courts have no

6    jurisdiction or authority to issue mandamus to direct non-federal entities or

7    officials in the performance of their duties.  <u>See</u> <u>Clark v. State of Washington,</u>

8    366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue

9    writs of mandamus to direct state courts or their judicial officers in the

10   performance of their duties . . . .").

11   **III.    DISCUSSION**

12        Here, very liberally construed, the Petition essentially appears to argue that

13   petitioner's continued commitment pursuant to the SVPA is unlawful because it is

14   predicated on certain recent evaluation reports ("evaluations") that contain

15   "material legal error."  (Petition at 4, 10-16).  Petitioner appears to seek judicial

16   review of the evaluations based on principles of "fundamental fairness" and

17   pursuant to California Welfare and Institutions Code sections 6601.5 and 6602, and

18   also appears to seek reevaluation of his SVP status.  (Petition 1, 5, 12, 17, 30-33).

19   Petitioner is not currently entitled to the relief he seeks.

20        First, to the extent petitioner seeks an order directing one or more California

21   State courts to review the challenged evaluations pursuant to the procedure

22   outlined in the California Supreme Court's <u>Ghilotti</u> decision and, if the evaluations

23   are deemed "invalid," to order the DSH to make a new determination regarding

24   whether petitioner continues to meet the criteria for commitment under the SVPA

25   (Petition at 1, 30-33), this Court does not have jurisdiction to issue a writ of

26   mandamus to compel a state court or administrative agency – *i.e.*, a non-federal

27   entity – to take such action under state law.  A petition that seeks a writ of

28   mandamus to compel a non-federal actor to take action is frivolous as a matter of

4

1    law.  See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir.) (as

2    federal court lacks jurisdiction to issue writ of mandamus to state court, petition for

3    writ of mandamus frivolous to extent it seeks to compel state court to take or

4    refrain from some action), cert. denied, 498 U.S. 1123 (1991).

5            Second, to the extent petitioner is attacking the validity of the fact or length

6    of his SVPA confinement (see, e.g., Petition at 19-23), such a challenge must be

7    brought as a petition for habeas corpus relief.  Cf. Preiser v. Rodriguez, 411 U.S.

8    475, 490 (1973) ("only habeas corpus [petition] can be used to challenge a state

9    prisoner's underlying conviction"); see, e.g., Carty v. Nelson, 426 F.3d 1064,

10   1072-76 (9th Cir. 2005) (evaluating SVPA habeas corpus challenge under

11   28 U.S.C.A. § 2254), cert. denied, 547 U.S. 1130 (2006); Rawls v. Hunter, 398

12   Fed. Appx. 188, 190 (9th Cir. 2010) (same).  To the extent petitioner intends the

13   instant Petition to serve as a petition for a writ of habeas corpus and the Court

14   liberally construes it as such, dismissal at this juncture is still appropriate because

15   petitioner currently has pending in the California Supreme Court a direct appeal of

16   the California Court of Appeal's denial of a petition for writ of mandate/

17   prohibition which appears to seek the same relief requested in the instant Petition.

18   See Docket of California Supreme Court, Case No. S225708 (granting petition for

19   review and deferring further action until disposition of related issue in People v.

20   Superior Court (Smith), Case No. S225562, or further order of the court); Docket

21   of California Court of Appeal, Fourth Appellate District, Division 3, Case No.

22   G061460.[1]  More specifically, as it appears both that petitioner's instant claims are

23

24            [1]The referenced dockets are available via http://appellatecases.courtinfo.ca.gov.  This

25   Court takes judicial notice of such dockets, as well as the docket of the cross-referenced
     California Supreme Court Case No. S225562, People v. Superior Court (Smith) (also available

26   via the foregoing website), which reflects that the California Supreme Court has granted a
     petition for peremptory writ of mandate to review the following issues:  (1) Is an expert retained

27   by the prosecution in a proceeding under the SVPA entitled to review otherwise confidential

28                                                                        (continued...)

5

unexhausted (as they have not yet been resolved by the California Supreme Court) and that they are in the process of being considered by the California Supreme Court, abstention and dismissal are appropriate.[2]  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (where habeas petition contains only unexhausted claims dismissal for lack of exhaustion appropriate); Younger v. Harris, 401 U.S. 37 (1971) (except under narrow circumstances, federal courts abstain from interfering with pending state criminal proceedings); Dubinka v. Judges of Superior Ct., 23 F.3d 218, 223 (9th Cir. 1994) (Younger abstention appropriate if there are ongoing state judicial proceedings, proceedings implicate important state interests; and there is an adequate opportunity in the state proceedings to resolve federal questions); Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) ("Younger abstention requires *dismissal* of the federal action.") (citations omitted, emphasis in original).  Here, all three of the Younger criteria are met and there is no indication that extraordinary or special circumstances which pose a great and immediate threat of irreparable injury are present such that the Court should refrain from abstaining.  See Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992) (Younger requires courts to abstain and dismiss federal actions that seek to enjoin state proceedings "unless one of the recognized exceptions to Younger is present"); cert. denied, 506 U.S. 1054 (1993); Babinski v. Voss, 323 Fed. Appx. 617 (9th

---

[1](...continued)
treatment information under Cal. Welf. & Inst. Code §5328? (2) Is the district attorney entitled to review medical and psychological treatment records or is access limited to confidential treatment information contained in an updated mental evaluation conducted under Cal. Welf. & Inst. Code § 6603(c)(1)?  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[2]The Court may raise lack of exhaustion and abstention *sua sponte*.  See Hoye v. City of Oakland, 653 F.3d 835, 843 n.5 (9th Cir. 2011) (Younger abstention); Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993) (exhaustion).

1    Cir.) (affirming district court dismissal on <u>Younger</u> abstention grounds of habeas

2    petition challenging ongoing SVPA proceedings), <u>cert. denied</u>, 558 U.S. 839

3    (2009).        Third, to the extent petitioner seeks federal-court review and rejection

4    of an existing, final state-court judgment through which petitioner was committed

5    or recommitted pursuant to the SVPA other than through the vehicle of a petition

6    for writ of habeas corpus, this Court lacks subject matter jurisdiction to entertain it.

7    <u>See, e.g.,</u> <u>Henrichs v. Valley View Development</u>, 474 F.3d 609, 613 (9th Cir.)

8    (under <u>Rooker-Feldman</u> doctrine "federal district courts lack jurisdiction to

9    exercise appellate review over final state court judgments") (citing, *inter alia*,

10   <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923); <u>District of Columbia</u>

11   <u>Court of Appeals v. Feldman</u>, 460 U.S. 462, 482-86 (1983)), <u>cert. denied</u>, 552 U.S.

12   1037 (2007); <u>see also</u> <u>Skinner v. Switzer</u>, 131 S. Ct. 1289, 1297 (2011) (<u>Rooker-</u>

13   <u>Feldman</u> doctrine bars "cases brought by state-court losers . . . inviting district

14   court review and rejection of [the state court's] judgments.") (citation and

15   quotation marks omitted); <u>Reusser v. Wachovia Bank, N.A.</u>, 525 F.3d 855, 859

16   (9th Cir. 2008) (<u>Rooker-Feldman</u> doctrine "prohibits a federal district court from

17   exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a

18   state court judgment.") (internal citations and quotation marks omitted).[3]

19         Finally, the rambling allegations in the Petition are otherwise conclusory,

20   argumentative, and, at times, an unintelligible stream of consciousness replete with

21   duplicative, irrelevant, and conclusory factual and legal assertions which, on the

22   whole, provide no justification for granting petitioner relief.  <u>Cf.</u> <u>Cafasso v.</u>

23   <u>General Dynamics C4 Systems, Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011)

24   ("pleading that was needlessly long, or a complaint that was highly repetitious, or

25

26         [3]The <u>Rooker-Feldman</u> doctrine does not, however, bar a federal court's collateral review

27   of a state court habeas proceeding.  <u>See</u> <u>In re Gruntz</u>, 202 F.3d 1074, 1078-79 (9th Cir. 2000) (en banc) (establishing that collateral review of state court proceedings in habeas is not

28   jurisdictionally barred under <u>Rooker-Feldman</u>).

7

confused, or consisted of incomprehensible rambling" violates pleading requirements under Federal Rules of Civil Procedure) (citation and internal quotation marks omitted); <u>Stewart v. Ryan</u>, 2010 WL 1729117, at *2 (D. Ariz. Apr. 27, 2010) ("It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.").

**IV.    ORDER**

IT IS THEREFORE ORDERED that the Petition and this action are dismissed without prejudice and the Requests are denied as moot.

DATED:      September 1, 2015.

_____

HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

8